In the District Court of the United States
For the District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| **David L. Henderson, #255117,** )<br>                                                  )<br>                              Petitioner,  )<br>                                                  )<br>vs.                                              )<br>                                                  )<br>**Richard Bazzle, Warden, Perry**     )<br>**Correctional Institution;**                )<br>**Henry Dargan McMaster,**              )<br>**Attorney General for South Carolina,** )<br>                                                  )<br>                              Respondents.  )<br>_____ ) | Civil Action No. 9:06-1696-MBS-GCK<br><br>**REPORT AND RECOMMENDATION**<br>**OF THE MAGISTRATE JUDGE** |

## I.    INTRODUCTION

The Petitioner, David L. Henderson ("Petitioner" or "Henderson"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of Title 28, United States Code, Sections 636(b)(1)(A) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e), D.S.C. The above-captioned Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the District Court.

## II.    *PRO SE* PETITION

Henderson is presently incarcerated in the Perry Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Henderson filed this Petition for a writ of habeas corpus (the "Petition") on June 6, 2006, against the above-captioned Respondents, Richard Bazzle, Warden of Perry Correctional and Henry Dargan McMaster, Attorney General

of the State of South Carolina (collectively, the "Respondents").[1]  [1-1].  Henderson is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978).  Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214.  This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

     *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *and Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir.1975).  Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented.  *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  Likewise, a court may not construct the plaintiff's legal

---

[1] In *habeas corpus* cases, the Petitioner has the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) with respect to the "delivery" date of his Petition.  In this case, the Houston v. Lack delivery date is June ___, 2006.

arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### III.    PROCEDURAL HISTORY IN STATE COURT

#### A. Proceedings in the Court of General Sessions

Henderson was indicted at the June 2000 term of the Spartanburg County Grand Jury for trafficking in crack cocaine more than 200 grams (00-GS-42-6377), trafficking crack cocaine 12-28 grams (00-GS-42-3321), and failure to stop when signaled by a police officer (01-GS-42-0429). (App. 47-50)

Henderson was represented by Darren S. Haley, Esquire. On March 21, 2001, Henderson pled guilty to all charges before the Honorable John C. Few. Judge Few sentenced Henderson to twenty years imprisonment for both of the trafficking charges and five years for failure to stop, to run concurrent. (App. 1-15)

#### B. Henderson's Application for Post-Conviction Relief

On March 27, 2002, Henderson filed a *pro se* application for post-conviction relief ("PCR") in which he raised the following claims:

1. Ineffective assistance of trial counsel;

2. Court lacked subject matter jurisdiction;

3. Ineffective assistance of counsel and violation of competence; scope of representation; diligence; client and attorney communication; failed his obligations and duties to protect his client[']s rights; attorney failed to have information produced concerning change [sic] of custody of said drugs. (App. 16-23)

The State filed its Return and Motion to Dismiss on July 31, 2003. The State argued that Henderson's application for PCR should be dismissed because it was barred by the statute of

limitations governing the filing of PCR applications. *See* S.C. Code § 17-27-45(A). (App. 24-28) An evidentiary hearing in the matter was held before the Honorable J. Derham Cole on November 14, 2003 at the Spartanburg County Courthouse. Henderson was present and represented by Thomas Boggs, Esquire. Assistant Attorney General Douglas Leadbitter represented the State. Henderson testified on his own behalf, and the State did not present any witnesses. (App. 29-42)

Judge Cole's Order of Dismissal was filed on February 4, 2004. He granted the State's motion to dismiss and dismissed the Application with prejudice as time-barred under Section 17-27-45(A). (App. 43-46) A timely notice of appeal was filed and served. Assistant Appellate Defender Joseph L. Savitz, III, of the South Carolina Office of Appellate Defense, was appointed to represent Henderson in his PCR appeal. On August 26, 2004, Mr. Savitz filed a *Johnson* Petition[2] for a writ of certiorari with the South Carolina Supreme Court which raised one issue:

> The PCR judge erred by dismissing Henderson's application under S.C. Code
> Section 17-27-45(A), the statute of limitations, because he did not take into account
> the fact that Henderson's convictions did not become final until the expiration of the
> ten-day period in which to file an appeal.

The State filed its Return to the Petition on January 10, 2005. Almost one year later, the South Carolina Supreme Court denied certiorari in an Order filed on January 6, 2006. The Remittitur was sent to the Spartanburg County Clerk of Court on January 24, 2006.

## IV. FEDERAL COURT HISTORY

In his *pro se* Petition, Henderson raised the following grounds for relief:

**Ground One** : Ineffective assistance of counsel, failing to consult with client before agreeing to amend petitioner's indictments.

Supporting Facts:
App. p. 11
Mr. Haley: yes, sir, we agree to the amending of the indictments.

These indictments should have went back [sic] before the Grand Jury.

---

[2]   In *Johnson v. State*, 294 S.C. 310, 310, 364 S.E.2d 201, 201 (1988), the Supreme Court of South Carolina approved the withdrawal of counsel in meritless post-conviction appeals, provided the procedures outlined in *Anders v. California*, 386 U.S. 738 (1967) were followed.

**Ground Two**:   Ineffective assistance of counsel, fail to investigate the case and chain of custody.

Supporting Facts:

> App. P. 11 and 12
> We agree that the facts presented the Solicitor has. [Sic] However, we may have had differences had the case gone to trial[.]

**Ground Three**:  Error of PCR Court.

> For not accepting PCR Application as being filed from certified mail receipt.

On October 19, 2005, the undersigned issued an Order which authorized service upon the Respondents and notified Henderson of the change of address rule. [4-1] Thereafter, on July 28, 2006, Respondents filed a Motion for Summary Judgment, a Return and Memorandum of Law in Support of Motion for Summary Judgment (collectively, the "Motion for Summary Judgment") and supporting exhibits. [7-1; 8-1]

The undersigned issued an Order filed on July 31, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Henderson of the summary judgment dismissal procedure and the possible consequences if he failed to respond adequately to the Respondents' Return.[3] [10-1] Henderson filed his Return to Respondents' Motion for Summary Judgment on August 21, 2006.

## V.  SUMMARY JUDGMENT STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; *see* Habeas Corpus Rules 5-7.

## VI.   HABEAS CORPUS REVIEW

### A.  The Antiterrorism and Effective Death Penalty Act

---

[3] The explanation to the *pro se* litigant is required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case. The same procedure has been held to apply in federal habeas corpus cases under Webb v. Garrison, No. 77-1855 (4th Cir., decided July 6, 1977).

### 1.  The Statute of Limitations

The present habeas corpus petition was filed on July 6, 2006.  Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997).  The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The one year period begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  A "properly filed application for State post-conviction relief" tolls the time for filing.  28 U.S.C. § 2244(d)(2).  In addition, state collateral review tolls the one-year statute of limitations under Section 2244(d)(1)(A), but it does not establish a right to file within one year after completion of collateral review.  *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (one year period for filing habeas petition commences upon conclusion of direct review of conviction but is suspended while state PCR proceedings are pending in any state court).

While state collateral review tolls the one-year statute of limitations under Section 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4 (2000); *Coates v. Byrd*, 211 F.3d 1225, 1226 (11th Cir. 2000), it does not establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (an inmate does not have one year from the conclusion of state court collateral review; rather, one year period for filing habeas petition commences upon conclusion of direct review of conviction but is suspended while state PCR proceedings are pending in any state court).  Nor does the tolling period for state collateral review include the time for filing a petition for certiorari in the United States Supreme Court. *Crawley v. Catoe*, 257 F.3d 395, 298-99 (4th Cir. 2001) (the tolling of habeas limitations period ended on date state supreme court denied petitioner's request for rehearing of reversal of grant of state habeas petition; the one-year limitations period was not tolled during the period that a petition for writ of certiorari to review the denial of state habeas corpus relief was pending before the United States Supreme Court).

It is clear that Petitioner did not timely file within the one-year limitations period in Section 2244(d)(1)(A). His state court convictions became final ten days after his March 21, 2001 guilty plea because that was the last date on which he could serve a notice of appeal to the South Carolina Supreme Court. See Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction . . ., a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed"). Petitioner's convictions became final on April 2, 2001.[4] Thereafter, he had one year within which to file a habeas petition.

Petitioner did not file his application for PCR (02-CP-42-1133) until March 27, 2002. *See* Section 17-27-45(A);[5] *Gary v. State*, 347 S.C. 627, 557 S.E.2d 662 (2001) (The mailing of a petition for post-conviction relief does not constitute filing, for statute of limitations purposes. Filing occurs when application is delivered to and received by the Clerk of Court).

Significantly, however, Henderson's application for PCR was not "properly filed" as required for tolling under *Artuz*. In *Artuz*, the Supreme Court held that time limits on state post-conviction petitions are "condition[s] to filing," such that an untimely petition would not be deemed "properly filed." *Artuz*, 531 U.S. at 8, 11 ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" including "time limits upon its delivery"). However, the Court reserved the question of "whether the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed." Artuz, 531 U.S. at 8 & n. 2. In *Pace v. DiGuglielmo*,

---

[4]     A. review of a calendar for the year 2001 reflects that March 31, 2001, the tenth day after Henderson's plea, was a Saturday. Therefore, he had until the following Monday (April 2) to serve his notice of appeal. *See* Rule 234(a), SCACR ("In computing any period of time prescribed or allowed by these Rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period . . . is to be included, unless it is a Saturday, Sunday or a state or federal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor such holiday").

[5]     "An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later."

544 U.S. 408, 413, 125 S.Ct. 1807, 1811-1812 (2005), the Supreme Court was squarely faced with that question, and held that it did not:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.

*Id* at 413.

The Court in *Pace* held "that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. at 417. The Court then held that Pace was not entitled to equitable tolling for the period of time his untimely PCR application was pending. *Id* at 418. Indeed, it is clear that "[t]ime barred applications for state collateral review are not 'properly filed' applications that trigger statutory tolling." *Parker v. Burtt*, 2006 WL 2569522 at * 3 (D.S.C. September 1, 2006) (J.F. Anderson, Ur., District Judge), *citing Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005).

Applying the holding of *Pace* to the facts of this case, Petitioner's limitations period began to run on April 2, 2001, and there was no tolling. See in § 2244(d)(1)(A); *see also Pace*, 544 U.S. at 413, 417. This court's Order filed on June 13, 2006 [4-1] states that Petitioner shall have the benefit of the *Houston v. Lack*, 487 U.S. 266 (1987) "delivery" date for his *pro se* Petition for a Writ of Habeas Corpus, if the statute of limitations is raised. This court's examination of the envelope used by Petitioner to file his Writ indicates that it was delivered to the prison mailroom on June 1, 2006. Respondents, in their Motion for Summary Judgment, agree that it appears from the attachments to the Petition that the *Houston v. Lack* date is June 1, 2006. This date is over five years after his conviction became final, on April 2, 2001. Therefore, the Petition is barred by 2244(d)(1).

## RECOMMENDATION

Based upon the foregoing, it is recommended that Respondents' Motion for Summary Judgment **[7-1] should be granted**.


S/George C. Kosko
United States Magistrate Judge

September 18, 2006

Charleston, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"& The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed.  Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992).  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused**

> **on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  \* \* \*  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  \* \* \*   We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  \* \* \*  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
